IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Guy Anthony Glenn,            )<br>                              )<br>               Plaintiff,    )<br>                              )<br>     vs.                      )<br>                              )<br>Communication Workers of      )<br>America,                      )<br>                              )<br>               Defendant.    )<br>                              ) | Civil Action No.8:04-23071-GRA-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

This matter is before the Court on the defendant's[1] motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The plaintiff has pled claims pursuant to Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1866; and 42 U.S.C. ¶¶ 1981, 2000e, and 1983. The plaintiff alleges that the defendant discriminated against him on the basis of his race in various ways. The Court held a hearing on February 14, 2007, concerning the defendant's motion.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## FACTS PRESENTED

The plaintiff, a black male, is a former employee of BellSouth Telecommunications, Inc. ("BellSouth") and a former member and officer of the Communication Workers of America, Local 3702. It is alleged that while an employee of BellSouth, the plaintiff was

---

[1] The Court has ultimately concluded that the party, which has appeared in this case, Communication Workers of America International Union, is not a party in interest and is not the defendant actually sued in this case. Therefore, it cannot be rightly considered "the defendant." For ease of nomenclature, however, the Court will refer to that entity as the defendant for certain purposes.

disciplined for sleeping on the job, using profanity against his co-workers, and threatening physical harm against co-workers.  The plaintiff was ultimately terminated for allegedly threatening to kill one of his co-workers.

The plaintiff challenged the termination of his employment through the grievance procedure available under the BellSouth/Communication Workers of America, Local 3702 collective bargaining agreement.  During that process, a request to arbitrate by the plaintiff was denied.  It appears that the request was denied by Communications Workers of America International Union, the entity which has appeared as the defendant in this case.

The plaintiff subsequently filed Equal Employment Opportunity Commission administrative charges against BellSouth and Communication Workers of America, Local 3702, alleging that the decision to terminate his employment was the result of racial discrimination and that CWA Local 3702 violated his rights by refusing to allow him to attend a grievance meeting.  It is undisputed that the plaintiff filed no administrative charge against Communication Workers of America International Union, who has filed this present motion for summary judgment.

The plaintiff originally brought suit against BellSouth, in this case, and later amended his Complaint to include the defendant, as will be discussed in greater detail below.  The plaintiff has since settled with BellSouth.  His remaining allegations against the defendant union relate to his belief that it failed to file any grievance on his behalf or arbitrate his grievance and that it interfered with BellSouth's legal obligations to the plaintiff under Title VII and Section 1981.

## APPLICABLE LAW

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the

granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

The defendant has moved for summary judgment essentially on the basis that it is not the proper party in this case, which it contends is both procedurally and substantively fatal to the plaintiff's claims. Specifically, the defendant has identified itself as Communication Workers of America International Union (hereinafter "CWA International Union"), an international labor organization. The defendant contends, and the plaintiff does not appear to reject, that the proper party in this case should be the local union, known as Communication Workers of America, Local 3702 (hereinafter "CWA Local 3702"), and not the international organization, CWA International Union. The defendant has been consistent on this point from the beginning. Both in its answers to Local Rule 26.01 Interrogatories [Doc. 33] and, implicitly, in the defenses and responses of its Answer to the

4

Second Amended Complaint [Doc. 25], the defendant has previously denied that it was the proper party and identified CWA Local 3702 as the proper party, in fact.

Accordingly, the defendant argues that the EEOC charge filed against CWA Local 3702, which is a prerequisite to filing this present suit, is ineffective as against CWA International Union, such that the plaintiff's claims are barred. The defendant further argues that CWA International Union cannot possibly have any liability to the plaintiff for actions alleged against agents of CWA Local 3702, a separate entity. The Court, however, believes that there exists an issue more fundamental, which CWA International Union had occasion to address at hearing.

Namely, which CWA entity did the plaintiff actually sue in this case, the local or international organization? Unfortunately, the plaintiff identified the non-specific entity "Communication Workers of America" in the caption of his Motion to Amend, filed May 27, 2005, [Doc. 22] and the Second Amended Complaint, which has injected some confusion into the inquiry. The motion to amend was granted by the Court on June 9, 2005.

Whatever confusion was generated by the identification of the defendant in the caption, however, was clarified in four specific and indisputable ways. First, the plaintiff, in paragraph 3 of the Second Amended Complaint, expressly refers to the newly added party as "*Defendant* Communications Workers of America, *local 3702*." (Compl. ¶ 3 (emphasis added).) Nowhere in the entire Second Amended Complaint does the plaintiff ever refer to a CWA International Union or a national union or any other umbrella union organization. The only entity specifically identified is the local union. Accordingly, the face of the Second Amended Complaint exclusively reflects CWA Local 3702 as the added party.

Second, the Summons, under the "TO: (Name and address of Defendant)" section, identifies the defendant specifically as "Communications Workers of America (Local 3702)."

5

(Pl. Sur-Reply Ex. 1 [Doc. 81] (emphasis added).)[2]  Nowhere in the Summons is a CWA International Union identified.

Third, the proof of service indicates that the Summons and Second Amended Complaint were served, *via* certified mail, upon the President of "*C.W.A. Local 3702*," Mr. Joe Thomas, at 1003 Whitehall Road, Anderson, SC, 29621.[3]  (Pl. Sur-Reply Ex. 1 [Doc. 81] (emphasis added).)  The delivery card was signed for by, what appears to be, a "Clairline Rousey," on May 17, 2005.  *Id.*  The defendant CWA International Union has submitted the affidavit of Joe Thomas, which states unequivocally that Thomas (1) was the President of CWA Local 3702 at all times relevant to the plaintiff's claims and at the time of service of the Second Amended Complaint; (2) has never been authorized to accept service on behalf of CWA International Union; (3) has never been an agent of CWA International Union; (4) has never held any elected or appointed office and (5) has never been otherwise employed by CWA International Union.  (Def. Mem. Supp. Summ. J. Ex. 2 Thomas Aff. ¶¶ 3, 5.)  In fact, CWA International Union goes so far as to emphasize that "[n]o officer, agent or official member of CWA Local 3702 is or has ever been an agent of CWA International Union, including . . . Joe Thomas . . . ."  (Def. Mem. Supp. Summ. J. at 2-3 (quoting Def. Ex. 3 Keene Aff. ¶ 6).)  By CWA International Union's own admission, therefore, Thomas is an agent and officer exclusively of CWA Local 3702 and not CWA

---

[2]  The defendant has objected to the plaintiff's sur-reply which was filed without leave to do so from the Court.  The Court finds the contents of the sur-reply highly relevant and excuses the oversight, in the interests of justice.

[3]  CWA International Union has admitted that its only district office in South Carolina is in Columbia.  (Def. Mem. Supp. Summ. J. at 3.)  Service on the local union in Anderson would be a further indication that the plaintiff was not suing the International Union.

6

International.  Service upon him, thus, is consistent with the substance of the Second Amended Complaint that the plaintiff was suing the local union.[4]

Whether or not such service on Thomas was actually effective to give this Court personal jurisdiction over CWA Local 3702 is irrelevant to the issue before the Court, although the Court is inclined to believe that it likely was so effective.  *See* Fed. R. Civ. P. 4(h); 29 U.S.C.A. § 185(d)[5] ("The service of summons, subpoena, or other legal process of any court of the United States upon an officer or agent of a labor organization, in his capacity as such, shall constitute service upon the labor organization.")  All that truly matters for purposes of the present inquiry is that the proof of service is additional evidence of the plaintiff's clear intent to add as a party defendant, CWA Local 3702 and *not* CWA International Union.

Finally, the Motion to Amend itself, again expressly identifies, in its first enumerated paragraph, CWA Local 3702.  The document is devoid of any reference to the international entity.

Frankly, the Court finds that the intent of the plaintiff to add and serve the local union virtually inescapable.  Notwithstanding the relative clarity of the plaintiff's intent, however, counsel for CWA International admitted at hearing that the summons and complaint were simply forwarded from the Local Union to the International Union as a matter of, what seems to be, ordinary course.  And, it was CWA International Union which actually answered the amended pleading on June 8, 2005.  (*See* [Doc. 25].)  In fact, CWA

---

[4] If CWA International Union believed that it was the party served and sued, it is peculiar that no motion to dismiss was filed for improper service on Thomas, the undisputed agent of CWA Local 3702 and whom CWA International Union has emphatically rejected as its agent.

[5] The plaintiff, however, has not brought any claim specifically pursuant to the Labor Management Relations Act.

7

International Union, in its briefing, and again at the hearing, has taken great pains to emphasize that the local union has *not* made any appearance in this case: "*Non-party CWA Local 3702* has never entered an appearance in the present civil action, and *CWA Local 3702* has not submitted itself to the personal jurisdiction of this Court." (Def. Reply at 4 (emphasis in original).) Of course, it is elementary, that CWA Local 3702 need not *"submit"* itself somehow voluntarily to the personal jurisdiction of the Court if personal service by the plaintiff is otherwise effective to create it. Personal jurisdiction attaches automatically upon effective service. *See* Fed. R. Civ. P. 4(k)*; see generally Pennoyer v. Neff*, 95 U.S. 714, 724 (1877). CWA International Union's appearance was superfluous; that entity was not implicated either by the Amended Complaint itself or the attempted service, whether effective as to CWA Local 3702 or not.

The Court is not sure why CWA International Union misconstrued the intentions of the plaintiff to serve and sue the local union, whether through simple inadvertence, zealous advocacy, or tactical purpose. Certainly having CWA International Union as a party creates a much stronger legal case, for some or all of the reasons recited in its summary judgment brief. At the hearing, counsel for CWA International Union explained to the Court that plaintiffs routinely sue the International Union, when the proper party, in fact, is the local. Such is clearly not the case here. The plaintiff unequivocally sued and served the local.

In its brief, the defendant summarily contends that "CWA International Union is the only union reasonably understood to have been named as a party-defendant by Plaintiff's Motion to Amend," relying on a reference to the non-specific entity, Communications Workers of America in the plaintiff's motion to amend.[6] (Def. Reply at 3.) But as previously

---

[6] CWA International Union also accuses the plaintiff of attempting to create a "hybrid" organization entitled CWA International Union, Local 3702. The accusation is a red herring. The substance of plaintiff's briefing evidences a clear and consistent intent to direct all material allegations towards the local union. Moreover, it is the contents of the

8

discussed, such a conclusion is wholly unreasonable. Although the plaintiff's briefing has done nothing to illuminate these issues and more often than not confused them, the endless exchange of briefs in this case has certainly made the defendant aware that its own propriety as a party in this case is squarely at issue. Yet, it has given no serious account to the Court, either in its briefing or at the hearing.

It should be noted that CWA International Union remarks that it put the plaintiff on notice that CWA Local 3702 was the proper party both in its Answer and answers to Local Rule 26.01 interrogatories. But the response misses the entire point: the plaintiff had no need to add CWA Local 3207 because it was already party to the case.

Moreover, the Court cannot treat CWA International Union as having accepted service on behalf of CWA Local 3702. First, as stated, CWA International Union has expressly denied that CWA Local 3702 has made any appearance whatsoever. (*See also* Def. Reply at 3 ("No appearance has been made in the present case by any labor organization other than CWA International Union.").) Second, virtually every document of the voluminous record and briefing submitted by the defendant is intended to irrefutably demonstrate that the two entities are immutably distinct. It is the singular purpose of CWA International Union in this case to demonstrate that it is *not* CWA Local 3702.

At the hearing, the defendant proffered the equitable concern that (1) the counsel for the plaintiff has been verbally asked to release the International Union and that (2) counsel for the plaintiff was otherwise aware that the Local Union had not made any appearance. While these arguments might be relevant as to future issues between the

---

Second Amended Complaint, Summons, and Proof of Service, which are relevant. Those documents all identify CWA Local 3702 as the party defendant.

9

plaintiff and CWA Local 3702, they have no bearing on whether CWA International Union was sued in this case; it was not.[7]

The Court is aware of the implications of its decision but is at a loss how the outcome could be any other way. To the Court it would be both unjust and nonsensical to grant the requested summary judgment based upon arguments exclusively premised on the contention that the plaintiff failed to sue a party that he, in fact, did sue. Whether the plaintiff effectively brought suit against CWA Local 3702, of course, is an entirely different issue. But, it is clear he brought no suit against CWA International Union.

The Court believes that the error creates some problem of standing and/or jurisdiction for CWA International Union. CWA International Union is effectively a non-party that has not been joined in this case by any other party nor has it intervened pursuant to Fed. R. Civ. P. 24. The Court, therefore, recommends that the Summary Judgment motion be considered a nullity or, in the alternative, simply denied and CWA International Union excused from the case.

---

[7] As further evidence to this end, at no time in his summary judgment briefing, does the plaintiff ever attempt to argue that liability attaches to the International Union. The entire course of his pleading allegations and motion arguments has been directed at CWA Local 3702. There is simply no evidence that the plaintiff has tried to bootstrap CWA International into this case by way of CWA Local 3702. Frankly, the Court believes such evidence is irrelevant regardless. The pleading documents in this case speak for themselves.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the defendants' motion for summary judgment be nullified, mooted, or, in the alternative, denied.

IT IS SO RECOMMENDED.

February 14, 2007
Greenville, South Carolina

_____
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE