UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Guy Anthony Glenn, ) | |
| ) | C/A No. 8:04-cv-23071-GRA-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Communication Workers of America, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(g), D.S.C., and filed on February 14, 2007. Plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1866; and 42 U.S.C. §§ 1981, 2000e, and 1983, alleging that he was discriminated against on the basis of race while employed with Defendant Bell South. The magistrate recommends the summary judgment motion filed by Communication Workers of America International[1] be considered a nullity or, in the alternative, simply denied, and Communication Workers of America International be excused from this case. For the

---

[1] Due to the confusion in identifying the proper party, the Court, for purposes of this motion, will refer to the international union as Communication Workers of America International and to the local union as Communication Workers of America Local.

1

reasons outlined below, the Court adopts the magistrate's Report and Recommendation and finds the motion for summary judgment filed by Communication Workers of America International a nullity, hereby excusing this non-party from further appearance in this case.

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Objections to the Report and Recommendation were filed on March 6, 2007.

The objections filed by Communication Workers of America International appear to only apply if the Court disagrees with the magistrate's recommendation of dismissal of Communication Workers of America International from this suit. Since the Court agrees with the magistrate that the motion for summary judgment filed by Communication Workers of America International should be considered a nullity and that this non-party should be excused, the objections will not be considered.

After reviewing the record in this case, the pleadings of the parties, and the Report and Recommendation of the magistrate, this Court finds Communication Workers of America International was never the intended defendant in this case. The magistrate judge was correct in concluding that Plaintiff intended to sue Communication Workers of America Local, the local union located in Anderson County, South Carolina, as evidenced by the summons and proof of service. Although the caption does not distinguish between the international union or the local union, the pleadings clearly indicate that Plaintiff intended to sue, and did sue, the local entity.

The magistrate addresses in the Report and Recommendation the confusion raised by the caption as written in the second-amended complaint. Communication Workers of America International and Communication Workers of America Local have both relied on this defect to explain why Communication Workers of America International has been defending this lawsuit instead of Communication Workers of America Local. However, this Court is of the opinion that the caption is generally not considered a part of the pleader's statement of claim or response and is not determinative as to the parties to the action or the Court's jurisdiction, especially when the body of the complaint correctly identifies the proper party. 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1321 (3d ed. 1998). Here, the body of the second-amended complaint clearly identifies Communication Workers of America Local as the defendant to this lawsuit. *See* Second-Amended Complaint, ¶3 (". . . Communication Workers of America, local 3702, . . . has its agents, assigns and

employees exiting [sic], operating and conducting its business located within the City of Anderson, County of Anderson, State of South Carolina."). Further, Communication Workers of America Local was the party actually served with the complaint at its address in Anderson, South Carolina.  *See* Plaintiff's Proof of Service, Docket Entry #81, 90.

The Court can find no adequate explanation from Plaintiff Glenn, Communication Workers of America International, or Communication Workers of America Local as to why this issue was not presented to the Court prior to the summary judgment stage.  The Court firmly believes this issue should have been addressed by way of a motion to dismiss under Fed. R. Civ. P. 12(b)(5) for improper service, especially since Communication Workers of America International has declared repeatedly that it is not an agent and is not authorized to accept service of process for Communication Workers of America Local.  *See* Defendant's Memorandum in Support of Motion for Summary Judgment, pp. 2-3; p. 15, n.6.  However, these issues were not before the Court until now and regrettably must be addressed at this late stage in the litigation.

Regardless of the fact that this case has been pending before this court for over two years, the Court cannot ignore the fact that Communication Workers of America International was never sued and is not a proper party to this lawsuit. The Court regrets that Communication Workers of America International has assumed responsibility for this case for such a lengthy period of time,  but can find no other

4

reasonable alternative than to excuse it from any further appearance in this case. Therefore, the magistrate's Report and Recommendation is accepted and adopted in its entirety.

    IT IS ORDERED that Communication Workers of America International is hereby excused from this case, as it is not a party to this action. The Motion for Summary Judgment filed by Communication Workers of America International is hereby deemed a nullity. Further, the caption of the second-amended complaint, the docket sheet, and any references in the pleadings to "Communication Workers of America" should be amended to read "Communication Workers of America, Local 3702," from this point forward. *See United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 874 (4th Cir. 1947) (holding "if the right party is before the court, although under a wrong name, an amendment to cure a misnomer of parties will be allowed").

    IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

March 28, 2007

Anderson, South Carolina

5