IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Guy Anthony Glenn,<br><br>    Plaintiff,<br><br>vs.<br><br>Communication Workers of America,<br><br>    Defendant. | Civil Action No.8:04-23071-GRA-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

  This matter is before the Court on the plaintiff's motion to strike the Answer of the defendant, motion for default and default judgment. The plaintiff has pled claims pursuant to Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1866; and 42 U.S.C. ¶¶ 1981, 2000e, and 1983. The plaintiff alleges that the defendant discriminated against him on the basis of his race in various ways.

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## DISCUSSION

  The plaintiff originally brought suit against BellSouth Telecommunications, Inc., in this case, and later amended his Complaint to include a defendant identified as "Communication Workers of America." In response to that amended Complaint, an entity known as Communication Workers of America International Union (hereinafter "CWA International"), an international labor organization, made an appearance. In a report and recommendation, dated February 14, 2007, and a subsequent Order, dated March 28, 2007, adopting the same, it was determined by the Court that CWA International was never

a party defendant to the case and, therefore, was excused from continued participation therein. Instead, the Court concluded that the local union organization Communication Workers of America Local 3702 (hereinafter "Local 3702") was the proper defendant.

The effect of that decision, of course, was to imply that Local 3702 had failed to make a necessary appearance for nearly two years. Local 3702, therefore, immediately filed an Answer on March 2, 2007, three days prior to the present motion by the plaintiff. Local 3702, therefore, argues that the motion to strike its Answer and for default should be denied because it answered the Amended Complaint prior to any entry of default and, further, because the plaintiff failed to submit an affidavit in support of the alleged default, as required by Fed. R. Civ. P. 55(a). The argument is ineffective.

Even where default has not been formally entered, a defendant must petition the Court for relief from default if the defendant has failed to answer or otherwise respond within the prescribed time limit. *See Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 130 F.2d 185, 187 (3rd Cir. 1942); *see also F.D.I.C. v. Danzig*, 1993 WL 478842, at *3 n.5 (November 22, 1993) (citing *Orange Theatre*) Accordingly, the mere technicality of timing – that Local 3702 filed its Answer prior to the filing of the present motion – is of no moment. It is undisputed, and beyond debate, that Local 3702 did not answer or otherwise respond to the Amended Complaint within 20 days of the filing of the Amended Complaint, Fed. R. Civ. 12(a).[1]

The Court, therefore, must consider whether the *de facto* default in this case should be excused pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. *See Orange Theatre*, 130 F.2d at 187 (remanding case to district court to analyze pursuant to Rule 55(c)

---

[1] As stated, the Court has already concluded that Local 3702 was the defendant originally named in the Amended Complaint and that service was made on it. Local 3702 nor CWA International has never contested the propriety of service in this case.

although no technical entry of default had been entered and the parties had stipulated to extensions of time).   The law, itself,  and principles of fairness and equity compel that it should.

Federal Rule of Civil Procedure 55(c) provides "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."  Fed. R. Civ. P. 55(c). Rule 60(b) provides six grounds for relief from judgment, including "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b).  "As there has been no judgment entered in the present case, Rule 55 governs this court's decision."   *See Colleton Preparatory Academy, Inc. v. Beazer East, Inc.*, 223 F.R.D. 401, 405 (D.S.C. 2004).

It is now settled that "although the clear policy of the [Federal] Rules is to encourage dispositions of claims on their merits, trial judges are vested with discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir.1982) (citations omitted). Furthermore, the decision to set aside an entry of default is "committed to the sound discretion of the trial court" and should only be disturbed upon a finding of an abuse of discretion.  *See Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir.1987); *see also Williams v. Blitz*, 226 F.2d 463 (4th Cir.1955); *Papagianakis v. The Samos*, 186 F.2d 257, 263 (4th Cir.1950). Generally speaking, "a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir.1967).

Judge David C. Norton's decision, in *Colleton Preparatory Academy, Inc. v. Beazer East, Inc.*, 223 F.R.D. 401 (D.S.C. 2004), aptly distilled Fourth Circuit treatment concerning Rule 55 and summarized the factors to be considered as follows:  (1) the promptness of the defaulting party; (2) the existence of a meritorious defense; (3) the personal responsibility

of the defaulting party as opposed to the party's attorney; (4) the prejudice to the party not in default; (5) whether the defaulting party has a history of dilatory conduct; and (6) the availability of sanctions less drastic. *Colleton Prep*, 223 F.R.D. at 405-06. Judge Michael Duffy's recent decision, in *Lewitzke v. West Motor Freight*, 2006 WL 2345986, at *2-5 (D.S.C. August 11, 2006) (Pl. Ex. C), reiterated this approach.

The parties have not addressed the *Colleton Prep*. factors, specifically. While normally the Court might request additional briefing from the parties, the peculiar circumstances of the case compel only one result. The Court permitted the plaintiff to amend his Complaint in June of 2005. Even before the Court had granted the plaintiff's request to amend, CWA International answered the Amended Complaint. From that moment, until the Court's Order in March 2007, over a year and a half later, all parties treated CWA International as a proper party defendant in this case. It is undisputed by the parties that discovery was exchanged, including deposition testimony, between the plaintiff and CWA International Union. It is further beyond dispute that, in its answers to Local Rule 26.01 Interrogatories [Doc. 33] and, implicitly, in the defenses and responses of its Answer to the Second Amended Complaint [Doc. 25], CWA International had previously denied that it was the proper party and identified Local 3702 as the proper party, in fact.

Notwithstanding, the plaintiff at no time prior to the Court's Order, in March of this year, ever moved for an entry of default or otherwise notified the Court that the proper party had not yet appeared. In fact, the plaintiff did not even so complain in his response to CWA International's motion for summary judgment. The decision of the Court that CWA International had never been a party to this case was made *sua sponte* and certainly not at the instigation of the plaintiff.

Both CWA International and Local 3702 have made representations in their submissions to the Court and at the February 14, 2007 summary judgment hearing,

regarding statements made by counsel for the plaintiff concerning his intent to sue CWA International in addition to, or exclusive of, Local 3702. Those allegations still remain largely unsubstantiated. But, their veracity need not be confirmed. As discussed, the course of prosecution in this case, already observable to the Court, is sufficient to demonstrate that the confusion over the proper defendant in this case was not unique to the defendants. The plaintiff never pursued his rights in a manner which would be consistent with one who genuinely believed a default had occurred. Moreover, if he, in fact, knew that Local 3702 had defaulted, then his silence is even more troubling insofar as he permitted a case to be litigated for two years, at the expense of a non-party and the Court, between himself and an entity not rightly party to the case. By contrast, CWA International was always forthright that it believed Local 3702 was the proper party. [*See* Docs. 25, 33.]

Ultimately, whether purposeful or inadvertent, the plaintiff should not reap a windfall and Local 3702 a penalty, when all the parties were operating under a similar misapprehension. As soon as the Court determined Local 3702 to be the proper party defendant, Local 3702 made an immediate appearance. Local 3702 has not been otherwise dilatory and there is no evidence of such conduct in the past. The plaintiff may be prejudiced for the delay but the prejudice was always his to cure. The plaintiff could have made Local 3702 account for its absence at any juncture; he did not.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the plaintiff's motion to strike, motion for default and default judgment [Doc. 98], be DENIED.

IT IS SO RECOMMENDED.


May 21, 2007
Greenville, South Carolina

*Bruce H. Hendricks*
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE