UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Guy Anthony Glenn, | ) | |
| | ) | C/A No. 8:04-cv-23071-GRA-BHH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Communication Workers of America, | ) | |
| Local 3702, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(g), D.S.C., and filed on May 21, 2007. Plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1866; and 42 U.S.C. §§ 1981, 2000e, and 1983, alleging that he was discriminated against on the basis of race while employed with Defendant Bell South. The magistrate issued this Report and Recommendation for a ruling on Plaintiff's Motion for Entry of Default and Motion to Strike. The magistrate recommends denying Plaintiff's Motion for Entry of Default and Motion to Strike. For the reasons stated below, this Court adopts the magistrate's Report and Recommendation.

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

1

determination remains with the Court.  *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate, or recommit the matter to him with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).  Plaintiff filed objections to the Report and Recommendation on May 29, 2007.

At the outset of this litigation, Defendant Communication Workers of America International Union ("CWA International") appeared as the proper party defendant in this case.  However, in a Report and Recommendation issued on February 14, 2007, and adopted by this Court on March 28, 2007, the Court determined that the proper party defendant in this case was in fact Communication Workers of America Local Union ("CWA Local 3702").  Upon issuance of the Order deeming CWA Local 3702 the proper defendant, Plaintiff filed for entry of default and a motion to strike Defendant CWA Local 3702's Answer.  The magistrate judge concluded that Plaintiff allowed the improper party to appear and defend this lawsuit for over two years, and therefore, holding CWA Local 3702 in default for the mistakes and confusion caused by both parties would be unfair and unjust.  This Court agrees.

In his objections, Plaintiff attempts to shift the blame to Defendant CWA Local 3702 and their "numerous defense counsels" for the confusion caused by the appearance of an improper party. Objections, p. 1. This Court finds Plaintiff's objections without merit. All parties are responsible for the mistakes made and confusion that resulted in this case. For almost two years, CWA International defended this lawsuit. Though Plaintiff's Complaint sets forth the proper defendant as CWA Local 3702, and Plaintiff served CWA Local 3702, Plaintiff did not question the improper appearance until the magistrate judge issued her Report and Recommendation recognizing and remedying the problem. Only at that point did Plaintiff argue that default judgment would be appropriate. Plaintiff is equally to blame for the confusion in this litigation. This Court agrees with the magistrate that it would be unfair to both parties to allow Plaintiff to reap a benefit from the confusion he helped to create.

The Court has reviewed the complicated record in this case, and finds that CWA Local 3702, when put on notice that it was in fact the proper defendant, immediately appeared and filed an answer. Considering the circumstances of this case, an entry of default would be entirely inappropriate. The parties in this case, whether Plaintiff or Defendant, should not suffer due to their counsel's confusing tactics and unusual mistakes. Therefore, this Court finds the magistrate's Report and Recommendation correctly interpreted the law and applied it to the facts in this case. The magistrate's Report and Recommendation is accepted and adopted in its entirety.

Finally, after the issuance of the Report and Recommendation, Plaintiff filed a Motion to Strike the Pleadings of Non-Party Communication Workers of America International Union.  The Court has reviewed this motion, and finds that the motion should be denied.  Motions to strike are generally granted to remedy "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The Court finds the pleadings filed by non-party CWA International are anything but immaterial. These pleadings shed light on the complicated and confusing procedural history of this litigation.  The Court further finds that the pleadings are not prejudicial to either party, and therefore denies Plaintiff's Motion to Strike the Pleadings.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default and Default Judgment and Plaintiff's Motion to Strike CWA Local 3702's Answer are hereby DENIED.  It is further ordered that Plaintiff's Motion to Strike the Pleadings of Non-Party Communication Workers of America International Union is also DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

July 11, 2007

Anderson, South Carolina